UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00395

**Mary O'Neill, individually and as guardian of minor A.O.,**
*Plaintiff,*

v.

**Whitehouse Independent School District,**
*Defendant.*

# OPINION AND ORDER

Plaintiff Mary O'Neill, proceeding pro se individually and on behalf of minor A.O., filed this action under 42 U.S.C. § 1983, the Americans with Disabilities Act (ADA), the Individuals with Disabilities Education Act (IDEA), and other federal statutes. Doc. 9. The case was referred to a magistrate judge. Doc. 4. Defendant filed a motion to dismiss for lack of subject-matter jurisdiction and failure to state a claim. Doc. 12.

The magistrate judge issued a report recommending that defendant's motion be granted in part and denied in part. Doc. 18. Specifically, the magistrate judge recommended that the motion be denied as to plaintiff's ADA claim and granted as to her remaining claims. *Id.* at 15. Both plaintiff and defendant timely filed written objections to the report. Docs. 19, 20.

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(C). "Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge

without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

### I. Defendant's objection

Defendant objects to the magistrate judge's recommendation that defendant's motion to dismiss be denied as to plaintiff's ADA claim. Doc. 20 at 1–2. Defendant moved to dismiss plaintiff's ADA claim under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction. Doc. 12 at 10. According to defendant, plaintiff was required to exhaust her administrative remedies under IDEA before filing her ADA claim because the ADA claim seeks relief that is also available under IDEA. *Id.* at 11.

Defendant is correct that "IDEA contains an exhaustion requirement for certain claims brought under laws that may overlap with the IDEA, including the ADA." *J.W. v. Paley*, 81 F.4th 440, 447 (5th Cir. 2023). However, the exhaustion requirement "applies only to suits that seek relief also available under IDEA." *Perez v. Sturgis Pub. Schs.*, 598 U.S. 142, 147 (2023) (cleaned up). As such, the magistrate judge found that the requirement was inapplicable because plaintiff was seeking compensatory damages, "a form of relief everyone agrees IDEA does not provide." *Id.* at 148. Defendant did not object to this finding, and the court finds no clear error.

Instead, defendant objected on the grounds that plaintiffs failed to plausibly allege a claim for relief under the ADA. Doc. 20 at 2–3. This argument was not raised in defendant's motion to dismiss and fails procedurally because a party may not raise before the district court legal arguments that were not presented to the magistrate judge. *See Firefighters' Ret. Sys. v. EisnerAmper, L.L.P.*, 898 F.3d 553, 559 (5th Cir. 2018) ("Plaintiffs forfeited their judicial estoppel argument by raising it for the first time in their objection to the magistrate judge's Report and Recommendation."); *see also Field v. Anadarko Petrol. Corp.*, 35 F.4th 1013, 1019 n.3 (5th Cir. 2022) ("The Intervenors may have forfeited their argument related to possible indemnity . . . because it is not clear they raised this issue until they filed objections to the magistrate judge's

report and recommendation . . . ."). Thus, the court accepts the magistrate judge's recommendation to deny defendant's motion to dismiss the ADA claim.

## II. Plaintiff's objections

Plaintiff objected to the magistrate judge's recommendation that her IDEA, 42 U.S.C. § 1983, and Title IX claims be dismissed. Doc. 19. However, at no point did plaintiff specifically object to any particular finding, conclusion, or error of the magistrate judge. As stated above, the district court need not consider general or conclusory objections. *Nettles*, 677 F.2d at 410 n.8. The court overrules the objections for that reason alone.

In any event, plaintiff's objections also lack merit. As to the IDEA claim, the magistrate found that plaintiff failed to allege that she exhausted IDEA's administrative procedures before filing suit. Doc. 18 at 6–8; *T. B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1051 (5th Cir. 2020)("Under the IDEA, a plaintiff must exhaust these administrative procedures before filing a claim . . . ."). Rather than objecting to any aspect of the exhaustion finding, plaintiff simply asserted that she attempted to redress her claims by filing a "Federal OCR" and having defendant investigate her claim. Doc. 19 at 1. Even if these assertions are true, neither action satisfies the exhaustion requirements of IDEA. *See Fry v. Napoleon Cmty. Schs.*, 580 U.S. 154, 159 (2017). Rather, exhaustion requires a party to file a complaint with the local or state educational agency and complete certain due process proceedings. *Id.* Because plaintiff has not alleged that she has exhausted or even begun any of these administrative procedures, the court accepts the magistrate judge's recommendation to dismiss plaintiff's IDEA claim.

As to the § 1983 claim, the magistrate judge found that plaintiff failed to allege that an official policy promulgated by defendant was the moving force behind the alleged misconduct. Doc. 18 at 10. Furthermore, the magistrate judge found that plaintiff did not allege a pattern of prior incidents sufficient to attribute to the governing body "knowledge that the objectionable conduct is the

expected, accepted practice of city employees." *Id.* (quoting *Webster v. City of Hou.*, 735 F.2d 838, 842 (5th Cir. 1984) (en banc)).

"[M]unicipal liability under section 1983 requires proof of three elements: a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom." *Piotrowski v. City of Hou.*, 237 F.3d 567, 578 (5th Cir. 2001) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). Regarding the official policy element, the plaintiff must show that the municipality either (1) officially adopted and promulgated a policy statement, ordinance, regulation, or decision or (2) had actual or constructive knowledge of a persistent and widespread practice of city officials or employees. *Webster*, 735 F.2d at 841.

Here, plaintiff failed to allege that an official policy promulgated by defendant was the moving force behind the unconstitutional conduct. In fact, plaintiff alleged that Whitehouse Independent School District (WISD) personnel *violated* defendant's official policy by failing to take appropriate steps and carrying out an inadequate investigation. Doc. 9 at 7. Plaintiff also failed to allege an official policy via knowledge because there were no allegations that students other than A.O. suffered similar harassment and abuse. Because plaintiff did not adequately plead an essential element of her § 1983 claim, the court accepts the magistrate judge's recommendation to dismiss that claim.

As to plaintiff's Title IX claim, the magistrate judge found that plaintiff failed to allege that the school district was deliberately indifferent to the alleged harassment and abuse that A.O. suffered. Doc. 18 at 11. Deliberate indifference is a required element of a Title IX claim and requires more than mere negligence or unreasonableness. *Sanches v. Carrollton-Farmers Branch Indep. Sch. Dist.*, 647 F.3d 156, 165, 167 (5th Cir. 2011).

Here, plaintiff acknowledged that WISD personnel investigated the harassment claims and that a teacher told fellow students to "stop saying mean things" to A.O. Doc. 9 at 5–6. At no point did plaintiff allege that defendant did nothing or was deliberately indifferent to the alleged misconduct. Rather, plaintiff

merely alleged that defendant's investigation and response to the misconduct was insufficient. At most, this alleged insufficiency amounts to negligence or unreasonableness. Because neither negligence nor unreasonableness are enough to establish deliberate indifference, the court accepts the magistrate judge's recommendation to dismiss plaintiffs Title IX claim.

### III. Conclusion

Having reviewed the magistrate judge's report de novo, the court overrules the parties' objections and accepts the report's findings and recommendations. Defendant's motion to dismiss (Doc. 12) is granted in part and denied in part. The motion is denied as to plaintiff's ADA claim. Plaintiff's remaining claims are dismissed without prejudice.

*So ordered by the court on September 5, 2025.*

_____
J. CAMPBELL BARKER
United States District Judge