UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS

No. 6:24-cv-00395

**Mary O'Neill, individually and as guardian of minor A.O.,**
*Plaintiff,*
v.
**Whitehouse Independent School District,**
*Defendant.*

## ORDER

Plaintiff Mary O'Neill, proceeding pro se individually and on behalf of her minor son A.O., filed an amended complaint bringing claims against defendant under Title IX, Section 504 of the Rehabilitation Act, and Title IV of the Civil Rights Act. Doc. 50. Defendant filed a motion to dismiss. Doc. 51. The case was referred to a magistrate judge, who issued a report recommending that the court grant defendant's motion to dismiss and dismiss the case without prejudice. Doc. 58. Plaintiff filed objections to the report. Doc. 61; Doc. 62.

### I. Legal standard

The court reviews the objected-to portions of a magistrate judge's report and recommendation de novo. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, the "objections must specifically identify those findings objected to. Frivolous, conclusive, or general objections need not be considered by the district court." *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. Unit B 1982) (en banc), *overruled on other grounds by Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (en banc). Furthermore, a party's entitlement to de novo review does not entitle it to raise arguments that were not presented to the magistrate judge without a compelling reason. *See Cupit v. Whitley*, 28 F.3d 532, 535 & n.5 (5th Cir. 1994).

## II. Plaintiff's objections

Plaintiff makes five objections to the report. First, plaintiff argues that Texas Family Code § 151.001 and Federal Rule of Civil Procedure 17(c) authorize parents proceeding pro se to represent their minor children in legal proceedings, so the report incorrectly concluded that plaintiff was not authorized by law to represent her son while proceeding pro se in the present action. Doc. 61 at 1–2. Second, plaintiff contends that the report incorrectly applies the Fifth Circuit's decision in *Raskin v. Dallas Independent School District*, 69 F.4th 280 (5th Cir. 2023). Doc. 62 at 1–2. Third, plaintiff argues that because the court has previously acquiesced in plaintiff's pro se representation of her child, A.O., it would be fundamentally unfair for the court to now dismiss the case on a procedural ground that was not previously raised. Doc. 61 at 3. Fourth, in the same vein as her third objection, plaintiff states that the court cannot sua sponte reverse its own prior ruling that plaintiff could proceed pro se on behalf of her child without explicitly addressing the court's prior order. Doc. 62 at 2. Finally, plaintiff contends that dismissing her claims now would prejudice A.O. because it would delay A.O.'s access to relief from the harm that A.O. is alleged to have suffered. Doc. 61 at 2–3; Doc. 62 at 2.

## III. Analysis

Plaintiff's objections lack merit. In reaching the conclusion that plaintiff was not authorized by law to represent her son while proceeding pro se in this action, the report properly relied on *Wilt v. Whitehouse Police Department*. No. 6:25-cv-00117, 2025 WL 2795828 (E.D. Tex. July 16, 2025), *report and recommendation adopted*, 2025 WL 2778463 (E.D. Tex. Sept. 26, 2025). In *Wilt*, the court concluded that plaintiff, proceeding pro se, could not bring claims on behalf of her minor child under the Americans with Disabilities Act (ADA), § 504 of the Rehabilitation Act (RA), or 42 U.S.C. § 1983 because plaintiff had failed to identify a source of law that would make the child's claims under those statutory provisions legally the parent's own claim. *Id.* at *4–6. That conclusion was based on the Fifth Circuit's decision in *Raskin*, which

held that a parent proceeding pro se may litigate claims on behalf of their minor child only when federal or state law designates the minor child's claims as the parent's "own" causes of action. 69 F.4th at 283–85.

Here, plaintiff has failed to allege any source of law that would make her child's claims legally her own. Plaintiff contends that Texas Family Code § 151.001(a)(7) provides a sufficient basis. But nothing in this section of the Texas Family Code permits a parent to bring a legal claim on behalf of their minor child as a pro se litigant. *See Wilt*, 2025 WL 2778463, at *5. Additionally, plaintiff cites Federal Rule of Civil Procedure 17(c). But that rule also fails to make a child's claims legally the claims of their parent. *See Garcia v. City of McAllen*, No. 7:25-cv-00364, 2026 WL 451524, at *9 (S.D. Tex. Jan. 16, 2026), *report and recommendation adopted*, 2026 WL 449146 (S.D. Tex. Feb. 13, 2026) (finding that Rule 17(c) "does not provide a right to represent or sue on behalf of [a minor child] as a pro se litigant").

Because plaintiff has failed to identify a source of law that would make her child's claims legally her own, under *Raskin*, plaintiff cannot pursue her claims on behalf of her child so long as she continues to proceed pro se.

Although plaintiff has been representing her child in this matter since 2024, dismissing plaintiff's claims on this basis would not be fundamentally unfair. "One component of this court's jurisdiction, Article III standing, is so essential that the court can raise it sua sponte even if the parties fail to do so." *Wilt*, 2025 WL 2778463, at *3. Because plaintiff lacks standing to proceed pro se on behalf of her child, the court must dismiss her claims.

Nor would dismissal on this basis prejudice plaintiff's child. The court's order is limited to *plaintiff's* lack of standing to bring claims on behalf of her child so long as she proceeds pro se. It does not foreclose A.O.'s ability to bring these claims.

**IV. Conclusion**

Having reviewed the record and being satisfied that there is no clear error, the court overrules plaintiff's objections and accepts

the report's findings and recommendations. The case is dismissed without prejudice.

The court notes, however, that the magistrate judge received this case after it had been pending for over 18 months, following the recusal of the previously-assigned magistrate judge. Doc. 56. In the interests of justice, the court will toll the statute of limitations for the period that this case has been pending in federal court. *See Campbell v. Wilkinson*, 988 F.3d 798, 801 n.1 (5th Cir. 2021) (explaining that "[w]here further litigation of [a] claim will be time-barred, a dismissal without prejudice is no less severe a sanction than a dismissal with prejudice, and the same standard of review is used"). Any pending motions are denied as moot.

*So ordered by the court on September 11, 2026.*

J. CAMPBELL BARKER
United States District Judge